379 A.2d 368.

CHARLES M. SANTIANO *vs.* AUTO PLACEMENT CENTER, INC. *et al.*

NOVEMBER 8, 1977.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

420

PAOLINO, J.    This civil action for declaratory and injunctive relief is before us on the plaintiff's appeal from an order entered after a hearing in the Superior Court denying the plaintiff's prayer for a permanent injunction.

In January of 1975 plaintiff was in possession of a 1972 Ford Thunderbird automobile registered to him in the state of Florida. According to his testimony, he had purchased this vehicle in August 1972 as a recovered theft which had extensive fire damage as a result of vandalism. He detailed the restoration work he did on the car, including replacement of the entire body of the car. The automobile, as registered to plaintiff, bore vehicle identification number (VIN) 2Y87N129716 in three places; in an additional two locations where standard 1972 Ford products were to have hidden VINs, no such numbers appeared. The Rhode Island State Police impounded this vehicle in the first week of February 1975. They claimed the car was not correctly identified by the VIN under which it was registered to plaintiff, but was actually another 1972 T-Bird which had been stolen from Natick Auto Sales, Inc. (Natick) and never recovered. The correct VIN of the vehicle, according to the state police, was 2Y87N107953.

The car stolen from Natick was insured by defendant Hartford Insurance Group (Hartford) which paid the claim for the loss of the vehicle and, following impoundment, made claim for the seized auto under their subrogation

rights from the insured. The state police, after investigation, determined that Hartford was legally entitled to possession of the vehicle as prescribed by G.L. 1956 (1969 Reenactment) §12-5-7.[1] The plaintiff claims that as a result of this determination, defendant state police, in cooperation with Hartford and without any notice or hearing to plaintiff, delivered the vehicle to defendant Auto Placement Center, Inc. to have it auctioned off. Because of this action, plaintiff filed a complaint in Superior Court seeking (1) a declaration that defendants' actions violated his due process rights and (2) a restraining order enjoining the sale of the car until a hearing was held to determine title and ownership.

A hearing was held before a justice of the Superior Court in October 1975. At that time plaintiff appeared as sole witness in support of his complaint. The defendants presented three witnesses: the Rhode Island state police corporal whose investigation led to the impounding, an automobile appraiser who examined the car at the corporal's request, and an employee of the National Automobile Theft Bureau who also examined the car.

In his decision the trial justice briefly analyzed the evidence. He noted the following aspects of plaintiff's case: that plaintiff's version was not corroborated by other witnesses; that plaintiff's testimony as to the amount he had paid for the car contained an inconsistency; that there was conflict between plaintiff's testimony and that of defend-

[1] General Laws 1956 (1969 Reenactment) §12-5-7 reads as follows:

"Disposition of seized property. — The property seized shall be safely kept by the officer seizing the same under the direction of the court so long as may be necessary for the purpose of being used as evidence in any case.

"As soon as may be thereafter, if the same be subject to forfeiture, such further proceedings shall be had thereon for forfeiture as is prescribed by law in chapter 21 of title 12 of the general laws.

"If the property seized was stolen or otherwise unlawfully taken from the owner, or is not found to have been unlawfully used or intended for unlawful use, or is found to have been unlawfully used without the knowledge of the owner, it shall be returned to the person legally entitled to its possession."

ants' witnesses with respect to the condition of the body of the impounded car; and that although the address on the bill of sale was Providence, plaintiff saw fit to register the car in Florida. He also noted that the keys presented by the police fit the locks of the impounded car's body, "which purports to be a body of another * * * vehicle." The trial justice found as a fact that plaintiff, having the burden of proving ownership, had failed to meet that burden and therefore denied his prayer for a permanent injunction.

## I

We consider initially plaintiff's argument that the trial justice erred in ruling that plaintiff had the burden of proving that the car involved in this case was lawfully his. He argues in substance that the Legislature has provided a procedure for forfeitures of personal property in ch. 21 of title 12; that in seizing his car the state police should have followed such procedure; that had they done so, they would have filed a complaint in the District Court pursuant to §12-21-24 and plaintiff would have been notified of the complaint pursuant to §12-21-26; that upon the subsequent hearing, the court would have been allowed to order forfeiture of the car only upon "the cause of forfeiture alleged being proved" pursuant to §12-21-29; and that the burden of proof would have thus rested on the state to justify seizure and forfeiture.

There is no merit to plaintiff's argument that the state police should have followed the procedure set forth in §§12-21-1 *et seq.* The facts involved in this case do not present a situation in which property used in the commission of a crime is to be forfeited to the state. The automobile seized by the state police was not subject to forfeiture but was merely to be returned to the rightful owner under the provisions for the disposition of seized property as set forth in §12-5-7.

The state police determined that Hartford was the party legally entitled to possession of the vehicle in question. The plaintiff contested this determination and brought the Su-

perior Court action in which he alleged that he was the owner of the seized vehicle. As the moving party, the burden of proof was his to prove that which he alleged.

Nor is there any merit to plaintiff's contention that he was deprived of his due process right to a hearing on the question of ownership. It is sufficient for due process compliance in a situation such as this that there is at some stage an opportunity for a hearing and a judicial determination of ownership. *See Ewing* v. *Mytinger & Cosselberry, Inc.*, 339 U.S. 594, 70 S. Ct. 870, 94 L. Ed. 1088 (1950); *Bowles* v. *Willingham*, 321 U.S. 503, 64 S. Ct. 641, 88 L. Ed. 892 (1944). In the case at bar plaintiff had a full opportunity to prove that the vehicle in question was his before it was turned over to Hartford. This opportunity to be heard satisfied plaintiff's right to due process.

## II

The plaintiff next challenges certain evidentiary rulings made by the trial justice during Corporal Richard Biagioni's testimony. The first ruling of which he complained pertains to the admission of testimony by Biagioni that an unidentified informant had directed his attention to plaintiff's car during the officer's investigation of the car theft from Natick. The remaining rulings relate to the admission of testimony that, following a telephone conversation with a service manager of Natick, the corporal received in the mail an invoice with certain key numbers written on it and two keys, all of which purported to be related to the automobile which was stolen from Natick. The plaintiff bases his objections on two grounds: (1) the evidence was based on hearsay; (2) no proper foundation was laid for admission of this evidence. The rulings complained of, even if erroneous, do not, in our judgment, constitute reversible error and therefore do not require further discussion.

## III

We come now to plaintiff's final contention that the trial justice's decision must be reversed as having no evidentiary

basis and as being based on inadmissible and irrelevant evidence. In view of our conclusion under point II with respect to the correctness of the evidentiary rulings, it is obvious that there is no merit to plaintiff's argument that the decision is based on inadmissible and irrelevant evidence.

The only remaining question is whether the decision is based on competent evidence; that is, whether the evidence supports the trial justice's finding that the plaintiff has not sustained his burden of proof that the motor vehicle in question is his property. In our opinion there is ample evidence in this record to support the trial justice's decision. It is apparent that the trial justice's conclusion on this issue is based, to a large extent, on credibility. It is obvious that he did not believe the plaintiff's testimony with respect to the ownership of the car and for that reason concluded that the plaintiff had failed to sustain his burden of proof. Finally, we need cite no authority as we point to our long-standing rule that when litigants submit the law and facts of a controversy to a trial justice sitting without a jury, his findings of fact are entitled to great weight and will not be disturbed unless they are clearly wrong. We have reviewed the instant record with this in mind and find that the plaintiff has fallen far short in his burden to show that the trial justice's factual determinations were clearly wrong.

The plaintiff's appeal is denied and dismissed. The order appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

Mr. Chief Justice Bevilacqua did not participate.

*McKinnon & Fortunato, Amy R. Tabor,* for plaintiff.

*Julius C. Michaelson,* Attorney General, *Allen P. Rubine,* Assistant Attorney General (for Colonel Walter Stone, Rhode Island State Police), *C. Russell Bengtson* (for Hartford Insurance Group), for defendants.